IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division


FILED
NOV - 6 2018
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

CHARLES E. BRUNNER,

    *Plaintiff,*

v.

19 PARKER BROTHERS SHOTGUNS,

    *Defendants.*

Civil Action No. 1:18-cv-909
Hon. Liam O'Grady

## MEMORANDUM OPINION

On October 19, 2018, the Court issued an Order transferring this case to the United States District Court for the Middle District of Florida. Dkt. 23. This Memorandum Opinion accompanies that Order.

### I. BACKGROUND

Mr. Brunner brought an *in rem* action to determine the ownership of 19 Parker Brothers Shotguns ("Defendant Shotguns") located in the Eastern District of Virginia. After Mr. Brunner posted notice of this lawsuit, Carol Cameron McKinney and Sherri Wharthan McClendon ("Judgment Creditors") filed an answer and counterclaim, then moved to transfer this case to the United States District Court for the Middle District of Florida, Tampa Division.

The shotguns at issue were originally owned by Roland Askins. In April 2016, while Mr. Askins still owned the shotguns, Judgment Creditors obtained two judgments against Mr. Askins and his sons in Florida state court. That same month, Judgment Creditors perfected judicial liens against the physical and personal property of Mr. Askins and his sons. When the Askins failed to satisfy their judgments to Judgment Creditors, the Florida state court issued a break order and a

levy took place on February 22, 2017. The Sheriff executing the levy was unable to seize the Defendant Shotguns because the Askins had moved the guns to another location not subject to the state court's break order.

On May 22, 2017, Roland Askins filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. *See In re Roland V. Askins, Jr.*, Case No. 8:17-bk-04431-RCT. At that time, the Defendant Shotguns became property of the Chapter 7 bankruptcy estate. *See* 11 U.S.C. § 541(a) (stating that the bankruptcy estate, subject to exceptions not applicable here, includes property of the debtor "wherever located and by whomever held").

In October 2017, Mr. Brunner was contacted by a Florida real estate expert claiming that Mr. Askins's sons desired to sell a shotgun collection that included the Defendant Shotguns to pay for their father's health expenses. Mr. Brunner alleges that he believed at that time that a company formed by the Askins brothers, WKH Investments, LLC, was the owner and seller of the shotgun collection.

The following month, in November 2017, Mr. Brunner traveled to Sarasota, Florida to purchase the shotgun collection for $332,500.00. The parties dispute whether that sum represented the actual value of the shotguns. Mr. Brunner then transported the shotguns to his home in Loudoun County, Virginia and began reselling them.

On March 5, 2018, Judgment Creditors received an anonymous letter stating that the Askins still had and were trying to sell the guns, and that the Askins had filed for bankruptcy to gain more time to sell the guns. The Judgment Creditors later acted on this tip and, pursuant to break orders, seized over 220 firearms that did not include the Defendant Shotguns.

On March 26, 2018, Judgment Creditors' counsel informed Mr. Brunner about the bankruptcy proceedings and that the sale of the shotguns to him was (allegedly) fraudulent. Mr. Brunner was also directed to "cease and desist" any further sale of the shotguns. By that time, Mr. Brunner had already sold thirty of the shotguns he had obtained from the Askins and only retained possession of the nineteen Defendant Shotguns.

On July 20, 2018, Mr. Brunner filed an *in rem* complaint to determine the proper ownership of the Defendant Shotguns. Mr. Brunner then published notice of the suit in the Washington Post six times. On September 10, 2018, Judgment Creditors filed an answer and counterclaims. Four days later, Judgment Creditors filed the Motion to Transfer at issue. After briefing on the Motion to Transfer was complete, Judgment Creditors filed a Notice of Related Case, attaching a complaint filed in the Askins bankruptcy case against Mr. Brunner regarding Mr. Brunner's purchase of the Defendant Shotguns. This Court heard oral argument on the Motion to Transfer on October 12, 2018. During the hearing, the Court stated that the Motion to Transfer would be granted and the case would be transferred to the United States District Court for the Middle District of Florida, Tampa Division. An order to that effect was entered on October 19, 2018. This memorandum opinion accompanies the Court's ruling from the bench and transfer order.

## II. DISCUSSION

The Court transferred this case because (1) courts in Florida exercised prior exclusive jurisdiction over the Defendant Shotguns, and (2) convenience and justice factors favored transfer under 28 U.S.C. § 1404(a).

3

### 1. The Florida Courts Have Prior Exclusive Jurisdiction Over Defendant Shotguns.

The doctrine of prior exclusive jurisdiction prevents a court from exercising *in rem* jurisdiction over property when a prior court has already asserted *in rem* jurisdiction over the same property. *Penn Gen. Cas. Co. v. Commonwealth of Pa.*, 294 U.S. 189, 195–96 (1935); *First Charter Land Corp. v. Fitzgerald*, 643 F.2d 1011, 1014–16 (4th Cir. 1981); *U.S. v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989); *U.S. v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*, 362 F. Supp. 2d 1175, 1180 (C.D. Cal. 2005). For example, the doctrine of prior exclusive jurisdiction precludes two courts from simultaneously determining ownership of the same property or otherwise adjudicating disputes about the same property when doing so could result in conflicting decisions regarding the appropriate control and disposition of the property. *First Charter Land Corp.*, 643 F.2d at 1014–16. One purpose of the prior exclusive jurisdiction doctrine is to preserve comity between the courts. *Penn Gen.*, 294 U.S. at 195. Another purpose is to prevent the "logical and practical difficulty of two courts simultaneously vying for possession or control of the same property." *U.S. v. $79,123.49 in U.S. Cash & Currency*, 830 F.2d 94, 97 (7th Cir. 1987). Thus, under the doctrine of prior exclusive jurisdiction, if another court has exercised "dominion and control" over the Defendant Shotguns, this Court does not have jurisdiction to decide questions regarding their ownership. *One Oil Painting*, 362 F. Supp. 2d at 1182–84.

In this case, both the Florida state courts and the United States District Court for the Middle District of Florida, Tampa Division, have exercised prior jurisdiction over the Defendant Shotguns.

The Florida state court issued judicial liens over all personal and real property owned by Mr. Askins and his sons, which at the time included the Defendant Shotguns. Through the issuance of the liens covering the Defendant Shotguns, the Florida state court exercised

4

"dominion and control" over the Defendant Shotguns. *Id.* at 1183 ("[A] lien is an alternative manner by which a court may exercise dominion or control over property." (citing *Overby v. Gordon*, 177 U.S. 214, 221 (1900) and *Roller v. Holly*, 176 U.S. 398, 406 (1900))); *see also, Hagan v. Lucas*, 35 U.S. 400, 403 (1836) ("[P]roperty once levied on, remains in the custody of the law, and it is not liable to be taken by another execution" because "[a] most injurious conflict of jurisdiction would be likely" to arise "if the final process of the one [court] could be levied on property which had been taken by the process of the other [court].").

Bankruptcy courts have exclusive *in rem* jurisdiction over property belonging to the bankruptcy estate, regardless of the location of the property, as soon as the bankruptcy case is filed. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 474 B.R. 76, 81–82, 87 (S.D.N.Y. 2012). A bankruptcy court's prior exclusive jurisdiction and automatic stay bar concurrent actions, like the present one, to exercise control over or obtain possession of estate property. *Id. See also Penn Gen.*, 294 U.S. at 197 (holding that a court has asserted jurisdiction over property "by its injunction order" and therefore "it alone can rightfully assert control over the property and proceed with litigation which affects that control"); *Pugh v. Loisel*, 219 F. 417 (5th Cir. 1915) ("The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodial legis from the filing of the petition.").

Since both the Florida state court and the Middle District of Florida Bankruptcy Court have exercised dominion and control over the Defendant Shotguns prior to the filing of this action, this Court does not have jurisdiction to resolve ownership disputes regarding the Defendant Shotguns. Transferring this case to the Middle District of Florida where the Bankruptcy Court is currently exercising exclusive in rem jurisdiction over the Defendant Shotguns was therefore appropriate.

## 2. 28 U.S.C. § 1404(a) Supports Transferring this Case.

The Court also finds that this case should be transferred to the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1404(a). Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Preliminarily, the Court finds that Section 1404(a) applies to the present action brought under 28 U.S.C. § 1655 despite its *in rem* nature. Generally, *in rem* actions can only be brought in the district in which the property is located. *Clinton Foods v. U.S.*, 188 F.2d 289, 292 (4th Cir. 1951) ("It is well settled that a proceeding in rem against specific property is local in character and must be brought where the property is subject to seizure under process of the court."). Once a party chooses to appear and defend its ownership interests in an *in rem* action, however, "the case becomes an in personam one." *First Charter Land Corp*, 643 F.2d at 1016. Hence, once the Judgment Creditors filed an Answer in this case, the case became an *in personam* case to which Section 1404(a) would generally apply. The Court therefore joins other courts in holding that Section 1404(a) applies to cases, like this one, brought *in rem* under 28 U.S.C. § 1655 after other parties have joined the action and asserted claims to the property. *One Oil Painting*, 362 F. Supp. 2d at 1185–86 (applying Section 1404(a) to an *in rem* action brought under 28 U.S.C. § 1655); *Torres v. Steamship Rosario*, 125 F. Supp. 496 (S.D.N.Y. 1954) (applying 28 U.S.C. § 1404(a) to an action originally brought *in rem* after a company responded to the *in rem* complaint and the action became *in personam* against that company; holding that "[a]s long as a decree *in rem* can be entered by the court to which transfer is sought, the difference in the nature of an *in rem* proceeding does not prevent giving full effect to the policy of [Section 1404(a)]").

The Court also finds that this case could have originally been brought in the Middle District of Florida, Tampa Division. The Defendant Shotguns were part of the Askins bankruptcy estate under the control of the Middle District of Florida Bankruptcy Court, and Mr. Brunner was aware of both the Judgment Creditors' claims to the Defendant Shotguns and the ongoing Askins bankruptcy proceedings before he filed this present action. Accordingly, Mr. Brunner could have originally stated his claim to the Defendant Shotguns in the Askins bankruptcy case in the Middle District of Florida. Section 1404(a) therefore gives the Court the discretion to transfer this case to the Middle District of Florida "[f]or the convenience of parties and witnesses" and "in the interest of justice."

The facts at issue in this case make clear that transferring this case to the Middle District of Florida would serve both "the convenience of parties and witnesses" and the interests of justice. While Mr. Brunner, the Plaintiff, is located in Virginia, the Judgment Creditors, the Askins, and the other individuals involved in the sale of the Defendant Shotguns are located in the Middle District of Florida. Similarly, while the Defendant Shotguns are currently located in Virginia, the sale of the guns to Mr. Brunner occurred in Florida. As a result, the witnesses with knowledge relevant to resolving the Defendant Shotguns ownership dispute are all present in the Middle District of Florida with the exception of Mr. Brunner, who himself had traveled to Florida to purchase the Defendant Shotguns. Furthermore, transferring this case to the Middle District of Florida would also serve the interests of justice by ensuring that the Defendant Shotguns are not subject to conflicting determinations by this Court and the Askins Bankruptcy Court. For these reasons, both the convenience of the parties and the interests of justice both clearly favor transferring this case to the Middle District of Florida and outweigh the deference given to Mr. Brunner's choice of forum. The Court therefore finds that this case should be

transferred to the United States District Court for the Middle District of Florida, Tampa Division, under Section 1404(a).

### III. CONCLUSION

For the reasons stated above and for good cause shown, the Court transferred this case to the United States District Court for the Middle District of Florida, Tampa Division, where it can be consolidated with the Askins bankruptcy proceedings.

November 6 2018  
Alexandria, Virginia

Liam O'Grady  
United States District Judge